STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT

---

Jamie Montcalm,

Plaintiff,

vs.

KidsPeace Corporation,

Defendant.

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT KIDSPEACE CORP.**

**PERSONAL INJURY**

---

TO: DEFENDANT ABOVE NAMED:

PLEASE TAKE NOTICE, That the plaintiff herein requires you to answer the within interrogatories under oath, and to serve a copy of such answers upon the undersigned attorney for the plaintiff within thirty (45) days from the date of service upon you pursuant to Rule 33 of the Minnesota Rules of Civil Procedure.

These interrogatories are to be deemed continuing in nature and should you, your counsel, or anyone representing your interest become aware of or acquire any additional knowledge or information which affects the accuracy or completeness of any answer to these interrogatories, it is hereby demanded that such knowledge or information be immediately transmitted to the undersigned attorney by way of supplemental answer.

## INSTRUCTIONS

In answering these interrogatories, if privilege is alleged as to any information or documents, or if any interrogatory is otherwise not answered in full after the exercise of due diligence to secure complete information, state the specific grounds for not answering in full and answer said interrogatories to the extent to which no objection is made or information is available, and fully identify the information or documents for which the privilege is asserted and specify the privilege (e.g., work product, attorney-client, etc.).

EXHIBIT 2

Where the answer to these interrogatories may be derived or ascertained from your records, or where the interrogatory seeks identification of documents, the interrogatory may be answered by providing a copy of each such record or document for inspection and copying or by furnishing a copy without a request for production under Rule 34.

## DEFINITIONS

(1) In the following interrogatories, the term record shall include, without limitation, originals and copies of all documents, correspondence, literature, papers, memoranda, reports, notes, diaries, messages, telegrams, books, letters, ledgers, drawings, photographs, tapes, publications, advertisements, brochures, price lists, samples, models, apparatus, and any other writing or tangible objects whether produced or reproduced mechanically, electrically or chemically, or by any combination thereof.

(2) In the following interrogatories, the term identify requests a complete identification to the full extent known or ascertainable by defendant or its agents, whether or not in the possession of defendant, and whether or not alleged to be privileged, and includes without limitation a request for the following information:

    A.    The present depository or depositories and the name and address of the person or persons having custody of any item to be identified unless the item is a public document or person;

    B.    Where the item to be identified is a person, his full name, his last known address, his present whereabouts if known, his present employer and his job title, if known;

    C.    Where the item to be identified is a document or other paper, its character, subject matter, title, date and author or signatory;

    D.    Where the item to be identified is printed material, its title, author, publication, date, volume and the relevant page number; and

      E. Where the item is film, photograph, tape or other mechanical, electrical or chemical reproduction, the character, subject matter and date.

## INTERROGATORIES

1. Identify any person(s) from whom statements, whether written, oral, or recorded, have been taken concerning any facts relating to this lawsuit; and as to each statement, state the date each statement was taken; the identity of the person(s) taking these statements; whether the statement was signed, unsigned, recorded, or taken by court reporter, the identity of the person(s) having custody of each statement, and by way of a request for production, please attach copies of any such statements.

2. List the names, addresses and telephone numbers of all individuals who witnessed any of the incidents referred to in plaintiff's complaint, have any knowledge concerning this case and what the subject matter of that knowledge is, or have knowledge of the nature and extent of this claim.

3. As to any experts whom you expect to call at trial of the above action, please provide his or her name, address, occupation and title; his or her field of expertise, including subspecialties, if any; his or her educational background and work experience in said field of expertise; his or her expertise with comparable occurrences; all professional societies and associations of which he or she is a member; the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the grounds for each opinion; list all codes, standards, statutes, regulations, textbooks, publications or any other type of similar material relied upon by the expert in forming his or her opinion; identify and explain in detail all tests, experiments, studies or calculations performed by such expert; and identify each learned treatise, as defined and described in the Rules of Evidence, which your expert will testify is a reliable authority at the time of trial of this matter.

4. As to any witnesses whom you expect to call at trial of the above action, the following is requested: the name and address of said individual; the subject matter on which such witness is expected to testify; and the substance and a summary of the facts to which the witness is expected to testify.

5. Provide the complete legal and factual basis for all affirmative defenses raised by defendant.

6. Provide any factual information which could tend to indicate that plaintiff was negligent or complicit in the incidents giving rise to plaintiff's claims or any factual information defendant has impeaching plaintiff's version of what occurred.

7. List all protocols and/or procedures, whether written or oral, that defendant or any corporation controlled by defendant have regarding security, number of personnel, handling juveniles, equipment to be issued to employees, and preventing assaults and/or the investigation thereof.

8. Identify all persons who have ever given defendant or any corporation controlled by defendant any oral or written notice of any allegation, complaint or claim, either formally or informally, and/or filed a charge with any agency or by service of Summons and Complaint, regarding either assaults from juveniles or concerns for employee safety which in any way relate to the Mesabi Academy of KidsPeace facility in Buhl; the identity of the people or entities who responded to or received the complaint or notice; the actions taken by defendant in response to such notice, allegation, complaint or claim; the dates of such actions; the government agency or court involved, if any; the names and addresses of any insurance companies involved; and the status or ultimate resolution or disposition of such notice, allegation, complaint or claim.

9. Give the substance of all conversations, communications, and statements made by plaintiff to defendant or any agent, representative or employee of defendant or corporation controlled by defendant relating to any of the occurrences set forth in plaintiff's complaint.

10. Identify every document which in any way relates to the occurrences alleged in the complaint.

11. Identify all employee handbooks, employee / personnel manuals, pamphlets, bulletins, handouts, computer generated memorandum, notice, etc., currently used, or used at any time by the defendant or corporations under the control of defendant in the past ten years.

12. Describe what responsibility and/or role defendant KidsPeace Corporation assumed with respect to the design of Mesabi Academy of KidsPeace, Inc. and whether defendant KidsPeace Corporation received any remuneration for such responsibility and/or role.

13. Describe the role KidsPeace Corporation had in safety training for Mesabi Academy of KidsPeace, Inc. personnel / staff and identify any written materials and/or protocol KidsPeace Corporation provided to Mesabi Academy of KidsPeace, Inc. regarding the handling of juveniles, security and/or safety training.

14. State whether supervisors and other upper level employees / personnel of Mesabi Academy of KidsPeace, Inc. attended any training, seminars or other continuing education classes conducted by KidsPeace Corporation and whether KidsPeace Corporation received any remuneration for such training seminars / sessions or continuing education classes.

15. Identify all circumstances under which personnel from KidsPeace Corporation participated in the business affairs of Mesabi Academy of KidsPeace, Inc. including but not limited to decisions concerning budgets, personnel hiring and firing, resident enrollment / population, board meetings, etc. and state whether KidsPeace Corporation or any other corporation or business owned by KidsPeace or owned by any manager, officer or director of KidsPeace received any remuneration or benefit for said participation in the affairs at Mesabi Academy of KidsPeace, Inc.

16. Identify any role that defendant KidsPeace Corporation had in the hiring, training, directing or supervising of staff and upper level management / personnel at Mesabi Academy of KidsPeace, Inc. and state what remuneration or interest KidsPeace Corporation received therefore.

17. State what defendant knows about the assault referred to in plaintiff's complaint including what occurred, the juveniles / residents involved, their present location, crimes that they had been charged with, and who if anyone defendant claims was at fault.

18. Identify any policies, protocols, precautions, mechanisms, equipment and training in place intended to prevent assaults of staff by inmates at the time the assault of plaintiff occurred.

19. Describe how any of the above policies, protocols, precautions, mechanisms, equipment, and training were altered following the assault of plaintiff.

20. Identify anyone ever employed by Mesabi Academy who worked closely with the inmates who assaulted plaintiff.

21. Identify anyone ever employed by or residing at Mesabi Academy who had reason to know, believe, or suspect that the inmates intended to escape from Mesabi Academy and/or harm others at Mesabi Academy.

MATONICH & PERSSON, CHARTERED

By: ______________________
EDWARD J. MATONICH - #68603
JULIE A. MATONICH - #265494
Attorneys for Plaintiff
2031 Second Avenue East
P.O. Box 127
Hibbing, Minnesota 55746
(218) 263-8881

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT

Jamie Montcalm,

Plaintiff,

vs.

KidsPeace Corporation,

Defendant.

PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT KIDSPEACE CORPORATION

PERSONAL INJURY

TO: DEFENDANT ABOVE NAMED:

PLEASE TAKE NOTICE, That pursuant to Minnesota Rule of Civil Procedure 34 plaintiff requests that within forty-five (45) days you provide, or in lieu thereof produce for inspection and copying at plaintiff's attorneys' office at 9:00 a.m., on the first business day following the end of said forty-five (45) days the following:

1. Copies of all statements related to incidents giving rise to plaintiff's lawsuit taken from any witness, co-employee or inmate.

2. Copies of the face sheet and declaration page of any applicable policies of liability insurance.

3. Copies of all photographs, motion pictures, or video tapes relating to the lawsuit.

4. Any other document, report, model, graph, or tangible item which you intend to use at trial.

5. Copies of any documents referred to in your answers to plaintiff's interrogatories.

6. Copies of plaintiff's entire personnel / employment file.

EXHIBIT 3

7. All surveillance files, whether videotape, moving picture, or still photographs, including all surveillance records, memoranda and correspondence relating to surveillance of plaintiff or inmates involved in the assault.

8. Copies of any reports received from any governmental body regarding the incidents giving rise to this lawsuit.

9. Each and every document that in any way relates to plaintiff, including but not limited to documents regarding plaintiff's terms of employment, plaintiff's compensation and benefits, plaintiff's job performance, and any investigation regarding plaintiff or any complaint by plaintiff.

10. Each and every document constituting, evidencing, or reflecting, any employee handbook, employee manual, pamphlet, brochure, handout, computer generated memorandum, notice, etc., or any other policies applicable to employees at Mesabi Academy of KidsPeace in Buhl, Minnesota.

11. Each and every document that you contend reflects or relates to any job performance of plaintiff.

12. Each and every document that in any way relates to any notice, allegation, complaint or claim alleging that defendant or any corporation controlled by defendant knew about any assaults on people at Mesabi Academy in Buhl, Minnesota.

13. All files related to the two individuals who assaulted plaintiff.

14. Each and every document that evidences or relates to any communications concerning any of the claims, allegations, or defenses made in this lawsuit.

15. Any computer documents or e-mails stored or accessible in any computer system or in hard copy that relate to plaintiff or any allegations of assaults that relate to plaintiff or any allegations of assaults or worries about potential assaults on personnel at Mesabi Academy in Buhl, Minnesota.

16. Every e-mail or computer document to or from plaintiff at Mesabi Academy.

17. Every entry logged in by plaintiff onto the MIS system at Mesabi Academy.

18. The entire electronic client fact sheets on the individuals who assaulted plaintiff.

19. All documents that you contend support or constitute evidence supporting any defense that defendant intends to offer in this action.

20. All documents that you or your counsel received in connection with this action pursuant to any subpoenas or authorizations for release of records.

21. All documents reflecting or pertaining to any action brought against defendant or any corporation controlled by defendant relating to Mesabi Academy in Buhl, including but not limited to any depositions, statements, or affidavits.

22. All documents reflecting or pertaining to safety, including but not limited to, any records of complaints of safety concerns, training or lack of training, and any documents relating or pertaining to safety at Mesabi Academy.

23. All documents related to complaints about staff safety at any facility operated by KidsPeace Corporation.

24. Any and all documents regarding safety training for staff at Mesabi Academy of KidsPeace, Inc. and defendant KidsPeace Corporation.

25. All documents reflecting or pertaining to walkie talkies, including but not limited to, any records of complaints of malfunctioning of walkie talkies, the number of walkie talkies available to staff, any records concerning repairs of walkie talkies, and any documents relating or pertaining to said walkie talkies at Mesabi Academy.

26. Any and all documents related to the results and conclusions of the internal investigation of the assault of plaintiff, including but not limited to interviews, statements, photographs, surveillance, and other physical documentation.

27. Any and all electronic or written documents related to the inmates who assaulted plaintiff, including but not limited to their complete criminal histories, documents related to their placement at Mesabi Academy, documents from the institutions where they resided previously, correspondence between Mesabi Academy

and the government agencies or institutions involved with their placement in Mesabi Academy, any documents related to the inmates' discipline, treatment, and progress at Mesabi Academy, documents related to threats, perceived or actual, posed by these inmates, any documents related any reports, suggestions or beliefs that the inmates had planned, wanted, or threatened to escape from Mesabi Academy and/or harm others at Mesabi Academy.

28. All minutes of Board meetings of Mesabi Academy of KidsPeace Inc. for the last five years.

29. Copies of all financial statements of Mesabi Academy of KidsPeace Inc. for the last five years.

30. Copies of any records indicating payments by Mesabi Academy of KidsPeace Inc. to KidsPeace Inc. or corporations related to KidsPeace, Inc. and identify said corporations and the reasons for said payments.

MATONICH & PERSSON, CHARTERED

By: ____________________

EDWARD J. MATONICH - #68603
JULIE A. MATONICH - #265494
Attorneys for Plaintiff
2031 Second Avenue East
P.O. Box 127
Hibbing, Minnesota 55746
(218) 263 -8881